# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DERRICK WAYNE WALKER                                                PLAINTIFF

v.                       No. 5:16CV00226 JLH

TYSON FOODS, INC.                                                         DEFENDANT

## OPINION AND ORDER

Derrick Wayne Walker alleges that Tyson Foods, Inc., violated Title VII of the Civil Rights Act of 1964 by terminating his employment and failing to promote him based on his race, color, sex, and religion. Tyson Foods has moved to dismiss the complaint as untimely or in the alternative for summary judgment on the merits. For the reasons that will be explained, Tyson Foods' motion is granted.

Walker was employed at Tyson's plant in Pine Bluff as an hourly production worker from July 10, 2014, until he was terminated effective December 1, 2015. He was terminated under a policy that provides for termination of an employee who receives two written warnings with a suspension within twelve months.

Walker has filed two charges of discrimination with the Equal Employment Opportunity Commission. He filed his first EEOC charge on December 17, 2014. In that charge he contended that Tyson Foods had discriminated against him based on his race and sex. The EEOC issued a dismissal and a right-to-sue letter on December 24, 2014. Walker filed a second charge of discrimination on July 2, 2015, alleging that he was denied promotions and was disciplined in retaliation for filing the prior EEOC charge and due to his age and sex. The EEOC issued a dismissal and a right-to-sue letter on January 27, 2016.

A suit filed under Title VII must be brought within ninety days after the receipt of the notice of the right to sue issued by the EEOC. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period of time within which suit must be filed begins to run on the day that the right-to-sue letter is received at the most recent address that a plaintiff has provided to the EEOC. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). The law presumes that a letter is received three days after mailing. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1, 104 S. Ct. 1723, 1724 n.1, 80 L. Ed. 2d 196 (1984).

Walker filed his complaint in this Court on July 20, 2016, which was more than a year and a half after the right-to-sue letter was issued on his first EEOC charge. The complaint comes far too late with respect to that charge. Walker does not argue to the contrary. Walker's complaint was filed 175 days after the right-to-sue letter was issued on his second charge. Walker explained in his deposition that he moved while his EEOC charge was pending, but he admitted that he did not notify the EEOC of his new address. Document #42-5 at 16-17.

The ninety-day time requirement of 42 U.S.C. § 2000e-5(f)(1) is not jurisdictional and is subject to equitable tolling, but equitable tolling is generally reserved for circumstances beyond the control of the plaintiff. *Hill*, 869 F.2d at 1124. *See also Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004). Equitable tolling is not appropriate when the plaintiff failed to notify the EEOC of his new address. *Hill*, 869 F.2d at 1124; *cf.* 29 C.F.R. § 1601.7(b) (requiring that a person who has filed an EEOC charge provide the commission with notice of any change of his address and notice of any prolonged absence from his current address). Equitable tolling is not appropriate here.

Walker attempts to avoid the conclusion that his complaint was untimely by arguing that the EEOC mailed the right-to-sue letter a second time. He has attached to his response a copy of the

January 27, 2016 right-to-sue letter on which someone has written "Remailed to P.O. Box 53, Wabbaseka, AR 72175" followed by "KC 4/22/16." Walker has presented nothing to show that this is an authentic record of the EEOC. On its face, the document still states in the line marked "date mailed" that it was mailed on January 27, 2016, and it still bears the signature of William A. Cash, Jr., Director of the Area Office of the EEOC next to that date. *See* Document #47 at 7. The change in the document is the addition of a handwritten note near the bottom of the page. The handwritten note does not show that the initial right-to-sue letter was withdrawn and a new one issued. At best, the handwriting represents an unofficial notation with no legal significance. Because Walker has failed to establish that the EEOC withdrew the January 27, 2016 right-to-sue letter and issued a new one which he received within ninety days of filing suit, his complaint is untimely.

Furthermore, Walker's complaint fails for other reasons. To assert a claim under Title VII, a plaintiff must first exhaust his administrative remedies. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Id*. at 222. Under Title VII, before filing a lawsuit in federal court, aggrieved individuals must "(1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Id*. (citation omitted). A claim for employment discrimination is barred if the plaintiff fails to file a timely charge. *Kline v. City of Kansas City Fire Dept.*, 175 F.3d 660, 664 (8th Cir. 1999). To exhaust his administrative remedies, a plaintiff must give notice of all claims of discrimination in the initial EEOC charge. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630-31 (8th Cir. 2000). Claims outside the scope of the EEOC

3

charge circumvent the EEOC's investigative and conciliatory process, and fail to provide the charged party with notice. *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004), *abrogated on other grounds* by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). Even if a claim is not listed in the EEOC charge, a plaintiff is deemed to have exhausted his administrative remedies as to any "discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. American Nat. Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998). It follows that "[t]he breadth of the civil suit is . . . as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Stuart*, 217 F.3d at 631.

Walker alleged that he was subjected to discrimination based upon his race in his first EEOC charge but not his second. Thus, the second charge did not exhaust Walker's administrative remedies as to his claims of race discrimination.

As noted, Walker also alleges that he was subjected to discrimination based on religion. That allegation, however, is beyond the scope of both charges that he filed with the EEOC, so he never exhausted his administrative remedies as to that claim.

Walker also alleges that he was subjected to discrimination based on his sex and that he was the victim of retaliation. Apart from the fact that Walker's complaint is untimely, those claims fail on the merits. Walker has presented no evidence to support those claims. He has presented no evidence that any action was taken against him because he is a male and no evidence of a causal connection between his complaints to the EEOC and any adverse employment action. The undisputed facts show that Walker was discharged for legitimate, nondiscriminatory reasons.

For the reasons stated, the motion filed by Tyson Foods, Inc., to dismiss Derrick Wayne Walker's complaint as untimely or for summary judgment is GRANTED. Document #42. A judgment will be entered separately.

IT IS SO ORDERED this 10th day of May, 2017.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE